UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAVID BOWLES  :
 :
 :  08 CV 9591 (HB)
- against -  :
 :  OPINION &
 :  ORDER
FEDERAL BUREAU OF PRISONS and UNITED,  :
STATES PROBATION DEPARTMENT  :
 :
Defendant.  :
 :
------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

Plaintiff David Bowles ("Bowles" or "Plaintiff"), a *pro se* litigant and inmate in federal custody, brings suit against the Federal Bureau of Prisons ("BOP") and United States Probation Department (otherwise known as the "United States Probation and Pretrial Services System," hereinafter "Probation Department") (collectively "Defendants") for violation of the Privacy Act, 5 U.S.C. § 552a, which provides for legal remedies against federal agencies that fail to maintain accurate records for an individual. Specifically, Bowles alleges that the Probation Department incorrectly included in his presentence report information regarding sex offense-related charges, and that this information was used by the BOP to incorrectly assign him a "Sex Offender Public Safety Factor" as part of his custody classification score. Defendants move to dismiss Plaintiff's complaint as untimely and failing to state a cause of action. Defendants' motion is GRANTED. The Probation Department may not be sued under the Privacy Act because it is exempt from the statute as part of the "courts of the United States." The BOP is dismissed because presentence reports held in the BOP's Inmate Central Filing System are exempt from the Privacy Act.

1

**BACKGROUND**

Plaintiff is incarcerated at the Federal Correctional Institution at Otisville, New York. Compl. at 1. He was sentenced in February of 2000 for armed bank robbery. As part of the sentencing process and to assist the judge in rendering an appropriate sentence, the Probation Department prepared a "presentence report," which collects and provides the court with information about the individual's history (family, education, criminal record, etc.) and details about the crime for which they are being sentenced. Bowles' presentence report included information about a 1995 conviction in New York State for Third Degree Assault; the report described the underlying facts of that crime as including a sexual assault, as set out in the Pre-Sentence Investigation Report of David Bowles, ("Presentence Report" or "PSR"), PSR at ¶¶ 77-78 (January 27, 2000). Based on the conduct described in the PSR, the BOP assigned Bowles a custody classification score that included a Sex Offender Public Safety Factor ("SOPSF"). *See* Compl. at 2; Defs.' Ex. 6 (BOP response to Plaintiff's request to alter custody classification). Bowles alleges that this information is incorrect because he was not convicted of a sexual offense in the 1995 state criminal action, but rather pled guilty to Third Degree Assault, which does not include any sexual-offense based elements. Compl. at 2-3; *see* N.Y. Penal Law § 120.00 (McKinney 2009) (elements of third degree assault). Pursuant to the Privacy Act, Plaintiff alleges that the BOP and Probation Department "intentionally and willfully" failed to maintain accurate records, and that the resulting inaccurate custody score adversely affected him by, among other things, denying him access to lower-level security programs and certain employment programs. Compl. at 2. Bowles requests his PSR report and other criminal records be amended, his custody classification score reconsidered, the BOP provide access to lesser

security programs and previously restricted employment opportunities, a written apology, and $2.5 million in damages. *Id.* at 3-4.

## DISCUSSION

Defendants move to dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction based on untimeliness of the complaint, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants collectively argue that this Court lacks jurisdiction because Bowles' claim is barred by the Privacy Act's two-year statute of limitations. They further argue that Plaintiff fails to state a claim against either defendant, because (1) the Probation Department defendant may not be sued under the Privacy Act and (2) the records in question, held by the BOP defendant, are exempt from the Act.[1]

Standard of Review

In considering a motion to dismiss for lack of subject matter jurisdiction, a federal court need not accept as true the contested jurisdictional allegations. *See Jones v. Astrue*, 526 F. Supp. 2d 455, 458 (S.D.N.Y. 2007). The party that seeks to show that the court has subject matter jurisidction, here the Plaintiff, must demonstrate that jurisdiction exists. *Id.* Though no presumption of truth attaches to jurisdictional allegations, "a court should construe all ambiguities and draw all inferences in a plaintiff's favor." *Id.* (internal quotations omitted). "A party appearing without counsel is afforded extra leeway in meeting the procedural rules of litigation," and "courts should not allow a pro se litigant's rights to be impaired by harsh application of technical rules." *Sims v. Blot*, 534 F.3d 117, 133 (2d Cir. 2008) (internal

---

[1] Defendants also originally argued that Plaintiff's suit must be dismissed for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, *et seq*. *See* Defs.' Br. at 6-9. After Plaintiff provided evidence in his Opposition Brief that demonstrated exhaustion, Defendants withdrew this argument. *See* Defs.' Reply Br. at 10.

quotations and citations omitted). The Court construes Plaintiff's opposition to Defendant's motion "to raise the strongest arguments they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

The Privacy Act

The Privacy Act, 5 U.S.C. § 552a, delineates how and when a federal agency may maintain and disclose collected information about individual citizens and lawfully-admitted aliens. The Act "provide[s] certain safeguards for an individual against an invasion of personal privacy by requiring governmental agencies to maintain accurate records and providing individuals with more control over the gathering, dissemination, and accuracy of agency information about themselves." *Devine v. United States*, 202 F.3d 547, 550 (2d Cir. 2000). Among other things, an agency is required to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." § 552a(e)(5). The Act provides for a civil remedy where an agency has violated these requirements and the individual has suffered an adverse determination as a consequence; the court may assess damages and order that the record be amended in accordance with the request. § 552a(g).

Statute of Limitations

Both Defendants claim that Plaintiff's Complaint is untimely and must be dismissed for lack of subject matter jurisdiction. They argue that the statute runs from the date of discovery, and that Plaintiff must have been aware of the alleged misrepresentations no later than March 10, 2006, when he submitted an administrative grievance to the Federal Correctional Institution. As

such, they contend that Bowles exceeded the two-year statute when he signed his complaint on December 8, 2008 and filed it on December 16, 2008. Defs.' Br. at 9-10. In the complaint, Bowles alleges that he made "efforts to exhaust administrative remedies" once he "became aware of the adverse determinations.". Compl. at 3. Defendants argue that even if the statute of limitations is tolled during this administrative review, Plaintiff's claim still must fail. The BOP's Administrative Remedy Program ("ARP") provides for a four-level review process. *See* 28 C.F.R. §§ 542.13-542.15. Plaintiff received a formal denial of his claim from the third level of review, the Regional Director, on May 2, 2006. *See* Johnson Decl., Ex. 8 (Letter from D. Scott Dodrill, Regional Director, to David Bowles, May 2, 2006). Per federal regulation, Plaintiff then had 30 days – till June 1, 2006 – to appeal to the final level of administrative review. Bowles alleges that he made this final appeal in a timely fashion. *See* Pl.'s Opp. Br. at ¶ 10. Upon receipt, the BOP had 40 days to respond to Plaintiff's final appeal of his Privacy Act claim. *See* 28 C.F.R. § 542.15(a). Although the date is not clear from the record, if the BOP received Plaintiff's appeal on the last day he was allowed to file, i.e. June 1, 2006, it had until July 11, 2006 to respond to Bowles' claim. Defendants argue that the two year statute of limitations began to run on that date and therefore Bowles had from July 11, 2006 to July 11, 2008 to file his claim in federal court. Since Plaintiff filed in December 2008, Defendants contend that the filing was still five months late and must be dismissed as untimely.

Actions pursuant to the Privacy Act must be brought within two years "from the date on which the cause of action arises" or within two years of the discovery of the alleged misrepresentation of the information. 5 U.S.C. § 552a(g)(5). Filing of the suit within the period specified is a "jurisdictional prerequisite." *Akutowicz v. United States*, 859 F.2d 1122, 1126 (2d

Cir. 1988); *see also Peterson v. Tomaselli*, No. 02 civ. 6325, 2003 WL 22213125, *8 (S.D.N.Y. Sept. 29, 2003) (dismissing untimely Privacy Act claim brought by state prisoner).

Assuming that the claim is tolled during administrative review, and the cases go both ways, the facts here present a further wrinkle: unlike where the BOP affirmatively notifies an inmate of its ruling on his administrative appeal, here forty days came and went, and the BOP failed to notify the Plaintiff one way or the other. Worse yet, Defendants have provided no explanation as to how this plaintiff, or for that matter any similarly situated persons, are made aware of this timetable; there is, for instance, no indication that an inmate is given notice of the 40-day period on the grievance form. Starting the clock running after the statutory review period concludes, without any notice to a *pro se* plaintiff, formal or otherwise, raises serious questions of fairness. Of even greater concern is that Plaintiff only missed the filing deadline by a few months, and demonstrated diligence in trying to determine whether the administrative review had been completed. *See* Pl.'s Opp'n. Br. at 3-4 (describing his efforts to have Congressman Charles B. Rangel's Office and Judge Cote look into the matter after he received no response from the BOP, as well as his attempt to file an additional administrative grievance form). Further, the resolution of this issue is by no means clear as a matter of law; the fact-specific nature of this inquiry renders it unsuitable for review on a motion to dismiss. *See Ramirez v. Dept. of Justice*, 594 F. Supp. 2d 58, 62-63 (D.D.C. 2009) ("Because statute of limitations issues often depend on contested questions of fact, the Court must exercise caution before dismissing a complaint on statute of limitations grounds based solely on the face of the complaint."). The troubling failure of the BOP to do their job and respond to Plaintiff's claim, as well as the Plaintiff's right to be made aware of these deadlines by those that maintain complete control over him are serious, factual questions that would need to be addressed before the statute of limitations issue could be

resolved. Perhaps unfortunately, I need not reach these important considerations, because this action must be dismissed against both defendants on failure to state a claim grounds.

The Probation Department

The Probation Department asserts that it must be dismissed because, as part of the court system, it is exempt from the Act. The term "agency" is defined, for purposes of the Privacy Act, as "each authority of the Government of the United States." 5 U.S.C. § 551(1)(B); 5 U.S.C. § 552a(a)(1) (incorporating § 551 definition of "agency" into Privacy Act). However, an "agency" under the Privacy Act "does not include…the courts of the United States." *Id.* This exemption for "courts of the United States" applies to the entire judicial branch. *See Washington Legal Foundation v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994) (collecting cases). As part of the Judicial Branch, the Probation Department is exempt from the Privacy Act. *See, e.g., Schwartz v. Dep't of Justice*, No. 94 CIV. 7476(AGS), 1995 WL 675462, *7 (S.D.N.Y. Nov. 14, 1995) *aff'd*, 101 F.3d 686 (2d Cir. 1996) ("[T]he Probation Office, as an arm of the District Court…is not covered by the Privacy Act."); *United States v. Chandler*, 220 F. Supp. 2d 165, 167-68 (E.D.N.Y. 2002) (as arm of court, Probation Department is exempt from disclosure requirements of Privacy Act); *Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 62 (D.D.C. 2009) ("United States Probation Offices are units of the federal courts and therefore are not subject to the Privacy Act."). Since the Probation Department is exempt from a Privacy Act challenge, Plaintiff's claims against this defendant must be dismissed.

The Bureau of Prisons

Bowles challenges the accuracy of the BOP's records, specifically with regard to statements contained in his presentence report. The BOP moves for dismissal based on its position that the presentence reports are exempt as part of the BOP's inmate record system.

7

Plaintiff responds that it is "difficult to fathom" that defendants could be allowed to "willfully and intentionally" violate the Privacy Act and that there is "no practical purpose" for maintaining incorrect records. Pl.'s Opp'n Br. at 4.

"Limitations and conditions upon which the Government consents to be sued must be strictly observed…Therefore, in suits brought under the Privacy Act, the waiver of immunity also must be construed in the government's favor." *Akutowicz*, 859 F.2d at 1126. The Privacy Act allows certain government agencies to promulgate regulations that "exempt any system of records within the agency from any part of [the Act]," excepting certain subsections unrelated to this matter. *See* 5 U.S.C. § 552a(j)(2); s*ee also Doyon v. Dep't of Justice*, 304 F. Supp. 2d 32, 33-34 (D.D.C. 2004). Based on this grant of authority, the BOP has exempted the "Inmate Central Record System" from the Privacy Act. *See* 28 C.F.R. § 16.97(a)(4). The records are exempt from the Privacy Act's amendment and accuracy requirements. *See Barbour v. United States Parole Comm'n*, No. 04 civ. 5114, 2005 WL 79041, *1 (D.C. Cir. Jan. 13, 2005). Presentence reports of inmates are contained within this filing system. *See* Department of Justice, Program Statement, Number 1351.05 (Sept. 19, 2002), http://www.bop.gov/policy/progstat/1351_005.pdf ("A PSR prepared on or after December 1, 1975, is to be placed in the disclosable portion of the Inmate Central File."); *Ingram v. Gonzales*, 501 F. Supp. 2d 180, 185 (D.D.C. 2007) ("[A] PSR is maintained in the Inmate Central Records System.").

Plaintiff's request to amend his presentence report and reassess his custody classification score must be denied because the PSR is exempt from the Privacy Act. Courts in the District of Columbia Circuit, which handle the majority of such claims due to an express grant of statutory jurisdiction under the Act, *see* 5 U.S.C. § 552a(g)(5) ("an action to enforce any liability created

under this section may be brought…in the District of Columbia…"), have regularly dismissed cases brought by inmates requesting amendment of their PSRs under the Privacy Act. *See, e.g., White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) ("[P]resentence reports and BOP inmate records systems are exempt from [the Act's provision for amendment of erroneous records]…Accordingly, [Defendant] is barred from seeking amendment of his presentence report."); *Barbour*, 2005 WL 79041 at *1 ("presentence reports and Bureau of Prisons inmate records systems are exempt"); *Ingram*, 501 F. Supp. 2d at 185 ("Because a PSR is maintained in the Inmate Central Records System, a plaintiff is barred from pursuing a Privacy Act amendment claim challenging the contents of the PSR."). Although I can find no Second Circuit decision on this issue, a District Court has determined that PSRs in BOP control are exempt from the Act. *See Rosenberg v. Meese*, 622 F. Supp. 1451, 1459 (S.D.N.Y. 1985) (finding that PSRs "clearly fall[] within the exempted Inmate Central Record System," and that "the BOP has set forth adequate reasons for its decision to exempt presentence reports and other Inmate Central Records.").

The precise claim raised by Plaintiff in this suit was reviewed and dismissed in a recent decision by a District of Columbia District Court. *See Clow v. Federal Bureau of Prisons, et al.*, No. 08 civ. 1121, 2008 WL 2705193, *1-2 (D.D.C. July 9, 2008). The plaintiff in *Clow*, as Bowles does here, sued both the BOP and the Probation Department for allegedly incorrectly identifying him with a Sex Offender Public Safety Factor based on information in his presentence report. *Id.* at *1. Like Bowles, the plaintiff claimed that the information was incorrect because he had pled guilty to a lesser offense that did not include sex offense-related elements. *Id.* The court dismissed the claim against the Probation Department because they are "not subject to the requirements of the Privacy Act" and dismissed the claim against the BOP

9

because the records are exempt and "plaintiff cannot, as a matter of law, seek amendment of the documents or damages based on the BOP's alleged failure to maintain accurate records." *Id.* at *1-2.

While not dispositive, it should be noted that the PSR's exemption from the Privacy Act does not create a situation where Plaintiff is left without a remedy to correct errors in the report. To the contrary, not counting this suit, Plaintiff had two prior opportunities to correct any perceived problems with his PSR. First, pursuant to the Federal Rules of Criminal Procedure, Bowles was provided an opportunity to review his PSR prior to sentencing and object to any information contained therein. *See* Fed. R. Crim. P. 32(f) and (i) (at sentencing, defendant has the opportunity to state in open court or in writing any objection to the PSR, and requires the sentencing judge to hear and rule on these objections). He took advantage of this opportunity, and objected to incorrect details listed in an unrelated Paragraph 91; the Probation Department corrected the paragraph. No objection was made to the paragraphs at issue here. *See* Presentence Report at 23. At Bowles' sentencing, Judge Cote asked at the very outset whether he had any objections to the report. Defense counsel responded that he had no objections beyond the one previously raised with respect to Paragraph 91, which by that time had been corrected. Hr'g Tr. at 2:9-15 (Feb. 4, 2000). Further, Plaintiff was able to file a grievance through the federal prison's administrative grievance system, which was reviewed and denied on its merits at every level except, as noted previously, at the final level of administrative review. Although Bowles' claims were ultimately denied by the BOP, he was nonetheless afforded the opportunity to raise his concerns about the PSR and request a remedy.

PSRs are exempt from the Privacy Act as part of the BOP's Inmate Central Filing System, and the exact factual claims raised by Plaintiff have been previously dismissed by a

district court for the District of Columbia. As a result, Plaintiff's claims against the BOP must be dismissed for failure to state a cause of action.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's claim for failure to state a cause of action is GRANTED. As there are no remaining claims, this Action is DISMISSED with prejudice. The Clerk of the Court is instructed to close this case and remove it from my docket.

**SO ORDERED**

**January 4, 2010**

**New York, New York**

U.S.D.J.